IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

BRANDON BETLEY,
    Petitioner,

v.                                                       Civil Action No. 3:25CV402 (DJN)

ATTORNEY GENERAL,
    Respondent.

**MEMORANDUM OPINION**

Brandon Betley, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] For the reasons set forth below, the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

**I.    PROCEDURAL HISTORY**

After the entry of a guilty plea to possession of a firearm by a convicted felon, on June 22, 2021, this Court convicted Betley and sentenced him to ninety-six months of incarceration.

---

[1] The statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

*United States v. Betley*, No. 3:20cr136, ECF No. 44, at 1–2.[2] Betley did not appeal and did not file a motion to vacate under 28 U.S.C. § 2255.

In his present § 2241 Petition, Betley contends that:

Claim One: "18 U.S.C. § 922(g) is unconstitutionally violating the Second Amendment to the Constitution where there is no history of violent felonies or use of a firearm in the commission of a crime. . . ." (ECF No. 1 at 6.)

Claim Two: "Manifest injustice exists when a person is serving an unlawful sentence, 2241 exists to allow challenge for relief when otherwise not available under 2255." (*Id.*)

As discussed below, this Court lacks jurisdiction to entertain these claims by way of a § 2241 petition.

## II.    ANALYSIS

### A.    Law Governing § 2241 Petitions

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re*

---

[2]    The Court employs the pagination assigned by the CM/ECF docketing system for citations to the record. The Court corrects the capitalization and punctuation in Betley's submissions.

[3]    "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

*Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). The United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). Until 2023, the test in the Fourth Circuit was as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). However, on June 22, 2023, the United States Supreme Court held that the "limitation on second or successive motions [does not] make § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 470 (2023). As the Fourth Circuit recently acknowledged, *In re Jones* has been abrogated by *Jones*. *See Bell v. Streeval*, 147 F.4th 452, 464–66 (4th Cir. 2025).[4]

---

[4] With respect to inmates challenging their sentence, the Fourth Circuit had expanded the test in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). However, *Jones* also abrogated *Wheeler*.

3

Nevertheless, the test that remains is simple. As explained above, "[t]he section 2255 remedy 'is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *Marlowe v. Warden, FCI Hazleton*, 6 F.4th 562, 568–69 (4th Cir. 2021) (quoting *In re Vial*, 115 F.3d at 1194)). Instead, the savings clause of section 2255 "reserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones*, 599 U.S. at 478.

**B.      This Court Lacks Jurisdiction Over Betley's Claims in a § 2241 Petition**

Little discussion is needed here because the Court lacks jurisdiction over Betley's claims by way of a § 2241 petition. Betley argues that his conviction under § 922(g) violates the Second Amendment and that he was wrongfully convicted, and because his conviction and sentence are unlawful, that amounts to manifest injustice.[5] Betley argues that he may bring his claims by way of § 2241, because he would "be time barred under a 2255." (ECF No. 1 at 6.) Contrary to Betley's suggestion, even if a § 2255 motion would be time-barred, § 2255 is a perfectly adequate vehicle to bring his claims and he fails to satisfy the savings clause. *See Bell*, 147 F.4th at 469 ("Section 2255 may be unavailable to [Petitioner], but it is nevertheless adequate and effective to test the legality of his claim. So he cannot bring a habeas petition

---

[5]      Although Betley never identifies why he believes his § 922(g) conviction is unlawful, presumably his argument is based on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).
         Even if the Court were to consider a claim under *Bruen*, it is quite clear that *Bruen* does not apply to Betley's conviction. Rather, "felons are not among 'the people' whose conduct the Second Amendment protects," because they are not "law-abiding responsible citizen[s]." *United States v. Williams*, No. 3:22-cr-158-HEH, 2023 WL 6368971, at *6 (E.D. Va. Sept. 28, 2023) (citing *United States v. Lane*, 689 F. Supp. 3d 232, 248 (E.D. Va. 2023)); *see United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (rejecting *Bruen*-based challenge to § 922(g)).

under § 2241.") Accordingly, Betley cannot proceed under 28 U.S.C. § 2241. The action will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

### III. CONCLUSION

Betley's § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: September 16, 2025